UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**CADEUS JEANNOT**
**And others similarly situated,**

      **Plaintiff(s)**

vs.

**EXOTIC WOODWORKING, INC.,**
**PIERRE DIONNE,**

      **Defendants.**
_____/

## COMPLAINT

Plaintiff, CADEUS JEANNOT ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States and the State of Florida. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C § 201-219 (Section 216 for jurisdictional placement)("the Act").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant, EXOTIC WOODWORKING, INC.("EXOTIC WOODWORKING"), a Florida Corporation, PIERRE DIONNE individually ("DIONNE"),a Florida resident, respectively, having their main place of business in Broward County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The individual Defendant resides in Broward County, Florida.

## COUNT I: WAGE AND HOUR FEDERAL
## STATUTORY VIOLATION AGAINST EXOTIC WOODWORKING

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees ... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in

excess of $500,000 per annum, and/or Plaintiff by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff was and/or is engaged in interstate commerce for Defendant. Defendant EXOTIC WOODWORKING's business activities involve those to which the Fair Labor Standards Act applies. Plaintiff was employed by EXOTIC WOODWORKING as a carpenter for the Defendant's business.

8. On or about March 7, 2009, Defendant hired defendant, and on or about August 31, 2010, Plaintiff was terminated.

9. While employed by Defendant, Plaintiff worked approximately fifty-one (51) hours a week without being compensated at the rate of not less than one half times the regular rate at which he was employed.

10. Plaintiff was paid approximately $10.00 an hour from March 7, 2009 through August 31, 2010 for only 40 hours weekly, but Plaintiff was not properly compensated for straight time or overtime wages for the hours that he worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire. Plaintiff is owed approximately $15.00 per hour of overtime for an average of approximately sixty-eight (68) weeks wherein Plaintiff worked in excess of forty (40) hours or 11 hours weekly, totaling approximately $11,220 plus Plaintiff is owed $11,200 as liquidated damages for the failure to pay these overtime wages totaling $22,440, plus all reasonable attorneys' fees and costs as provided by law.

11. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

12. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

13. At the times mentioned, DIONNE, was the Director and/or owner of Defendant Corporation EXOTIC WOODWORKING. DefendantDIONNEwas anemployer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff, and DIONNE had operational control of the business and is jointly liable for Plaintiff's damages under the FLSA.

14. Defendant EXOTIC WOODWORKING willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States

as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

15. Plaintiff has retained the law offices of the undersigned attorney to represent them in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant EXOTIC WOODWORKING on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff seeks a declaratory judgment against this Defendant pursuant to 28 U.S.C. Section 2201.

G. Plaintiff demands a trial by jury.

### JURY DEMAND

Plaintiffs and those similarly-situated demand trial by jury of all issues triable as of right by jury.

### COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST DIONNE

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

17. At the times mentioned, Defendant DIONNE was, and is now, the Director and/or owner of Defendant. Defendant DIONNE was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant DIONNE had operational control of the business and is jointly liable for Plaintiff's damages. Under the FLSA, an individual is considered an employer if he is an officer of the business with operational control and the Court finds that the corporate Defendant is subject to the FLSA

18. Defendant DIONNE willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

19. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant DIONNE on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT III – VIOLATION OF FLORIDA'S WAGE PAYMENT LAW, §448.110, FLORIDA STATUTES AS TO DEFENDANT EXOTIC WOODWORKING

21. Plaintiff reasserts the allegations in paragraphs 1-15 above as if fully set forth herein.

22. Plaintiff performed her services as reflected above for Defendant IC up through the day and time he was terminated from employment and had accordingly earned the monies, including, but not limited to, base pay, bonuses and vacation pay, for which she seeks recovery

23. At all times material hereto, Defendant failed to comply with Florida's wage payment law, Section 448.110, Florida Statutes, by failing to pay Plaintiff her regular compensation for work performed by Plaintiff for Defendants

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award them their unpaid compensation, interest, attorney's fees and costs, and all other remedies allowable by law.

## JURY TRIAL DEMAND

FURTHER, Plaintiff, demands a trial by jury of all issues so triable as of rights.

Dated: _2-28-12_

                Respectfully submitted,

                              **REMER & GEORGES-DIONNE, PLLC**
                              11900 Biscayne Boulevard
                              Suite 288
                              Miami, Florida 33181
                              Tel. (305) 416-5000
                              Fax: (305) 416-5005

                              By: _____
                              Jason S. Remer, Esq.
                        Fla. Bar No: 0165580

## NOTICE OF CONSENT TO OPT-IN

I, CADEUS JEANNOT, understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. I hereby consent, agree in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party Plaintiff in this action against employer/Defendant, EXOTIC WOOD WORKING INC to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action. I agree to be the named Plaintiff in this case.

I worked as a CARPENTER from March 7, 2009 to August 2010

I hereby designate the law firm of REMER & GEORGES-PIERRE, PLLC, to represent me for all purposes of this action.

_____
Signature

CADEUS JEANNOT
Print Name

02/06/2012
Date